**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Southfield Corporation f/k/a Prairie Material Sales, Inc., an Illinois corporation

Plaintiff,

v.

Northfield Block Company, Oldcastle APG South, Inc. d/b/a Oldcastle Architectural, and VCNA Prairie Inc.

Defendants.

**Civil Action No.** 14-cv-6617

**JURY DEMANDED**

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff Southfield Corporation f/k/a Prairie Material Sales, Inc. ("Southfield"), by its undersigned counsel, Robert A. Carson, Mark E. Abraham, and Jordan M. Hanson, of Gould & Ratner LLP, for its Complaint against Northfield Block Company, Oldcastle APG South, Inc. d/b/a Oldcastle Architectural, and VCNA Prairie Inc. states and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for federal trademark infringement under the Lanham Act; common law trademark infringement; unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505); and common law unfair competition.

## JURISDICTION AND VENUE

2. Jurisdiction over the parties and the subject matter of this action is proper in this Court pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to trademarks). This Court has supplemental jurisdiction over

the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3. This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Illinois.

4. Venue in this action properly lies in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because Defendants reside in this District, may be found in this District, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

## PARTIES

5. Plaintiff Southfield Corporation f/k/a Prairie Material Sales, Inc. (herein after "Southfield") is an Illinois corporation with its principal place of business in Cook County.

6. Defendant, Northfield Block Company ("Northfield") is an Illinois corporation with its principal place of business in Cook County.

7. Defendant, Oldcastle APG South, Inc. d/b/a Oldcastle Architectural ("Oldcastle") is a North Carolina corporation with its principal place of business in Atlanta, Georgia and is a corporate affiliate of Northfield.

8. Defendant, VCNA Prairie Inc. is a Delaware corporation with its principal place of business in Cook County. VCNA Prairie Inc. is named as an indispensable party with rights in the Mark as hereinafter described. No relief is sought against VCNA Prairie Inc. herein.

## FACTUAL BACKGROUND

9. Prairie Material Sales, Inc. n/k/a Southfield Corporation ("Southfield") secured a number of United States Patent and Trademark Office ("USPTO") registrations for the "PRAIRIE® Stone" trademark (hereafter "the Mark"), including U.S. Registration Numbers

1,192,306, 1,898,940, and 2,544,547. **A copy of the USPTO registrations for the Mark are attached as Group Exhibit 1.** The Mark has been continuously used in commerce since July 1, 1975. The registrations for the Mark that are the subject of this lawsuit and relevant to this matter are outlined below:

| Mark | Reg. No. | Issued Date | Class | Goods & Services |
|---|---|---|---|---|
| PRAIRIE | 1,192,306 | March 16, 1982 | 39, 105 | For: Preparing and Delivering Ready-Mixed Concrete, Cement, Sand, Gravel and Aggregate, in Class 39 (U.S. Cl. 105) |
| PRAIRIE | 1,898,940 | June 13, 1995 | 19, 12 | For: Ready-Mix Concrete, Cement, Sand, Gravel and Aggregate, In Class 19 (U.S. Cl. 12) |
| PRAIRIE | 2,544,547 | March 5, 2002 | 39, 100, 105 | For: Preparation, Transport and Delivery of Construction Materials, Namely, Architectural Stone, Aggregate, Gravel, Concrete, Brick, Limestone, Cement, Natural Stone, Field Stone, and Quarry Stone, In Class 39 (U.S. Cls. 100 and 105) |

10. These registrations are valid, subsisting in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.

11. On or about February 1, 2008, Southfield assigned and transferred ownership of all right, title, and interest in and to the Mark to VCNA Prairie, IP, Inc. (later merged into VCNA Prairie, Inc.) and, in the same transaction, VCNA Prairie, IP, Inc. granted Southfield an exclusive, non-transferable, perpetual, fully paid-up and royalty-free license to use the Mark for the purpose of manufacturing, producing, marketing, distributing, selling, hauling and carting

bricks and related masonry products, blocks and concrete blocks (the "Building Material Business") and the right to institute any claims relating to infringement, dilution or disparagement of the Mark within said field of use.

12. At all times relevant to this complaint, Northfield and Oldcastle have been aware of the goodwill represented by the Mark and that consumers recognize the Mark, and that Southfield has an exclusive right to use for the purpose of operating its Building Material Business.

13. While Northfield and/or Oldcastle previously were licensees of the Mark, any license rights have expired and/or been terminated and neither Northfield nor Oldcastle have any right to use the Mark.

14. Northfield and Oldcastle have intentionally and willfully adopted and used the Mark in the sale and marketing of their products which use was designed to trade-off of and take unfair advantage of the goodwill and reputation of Southfield and VCNA Prairie, Inc.

15. Northfield and Oldcastle have manufactured, caused to be manufactured, marketed, distributed and/or sold products including masonry products which infringed upon Southfield's rights in the Mark.

16. As a result of Northfield and Oldcastle's use of the Mark on various products, consumers and retailers are likely to confuse and will continue to confuse products offered by Northfield and Oldcastle with products offered by Southfield.

17. Southfield has demanded on multiple occasions that Northfield and Oldcastle cease their use and infringement of the Mark.

18. Despite said demands, Northfield and Oldcastle have continued to infringe upon the Mark, including but not limited to using pictures of jobs with the PRAIRIE Stone name in

their advertisements, using search engine optimization to create initial interest confusion by directing searchers of the Prairie trademark to the Trenwyth site, improperly marketing and offering "Prairie" stone products for sale online at http://oldcastleproductguide.com/catalog/4, distributing material to consumers at trade shows that uses the Mark and falsely identifies Northfield as the source of the Mark, and registering the domain name www.prairie-stone.com to redirect users to Northfield's website www.cordovastone.com.

19. Southfield has incurred damages as a result of Northfield and Oldcastle's actions.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement [15 U.S.C. § 1114])**

20. Southfield repeats and realleges each and every allegation set forth in Paragraphs 1 through 19, inclusive, as if set forth in full, and incorporates them herein by this reference.

21. Over the years and as a result of Southfield and VCNA Prairie Inc.'s substantial advertising and promotional efforts, the Mark is widely recognized in the Building Material Business and has become synonymous with the goodwill and reputation of VCNA Prairie, Inc. and Southfield.

22. The Mark is entitled to protection under the Lanham Act.

23. Northfield and Oldcastle's purpose and intent in adopting and using the Mark was and is to deceive consumers.

24. The use by Northfield and Oldcastle constitutes a use in commerce of a copy or colorable imitation of the Mark in connection with the sale, offering for sale, distribution, and advertising within the Building Material Business, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

25. Northfield and Oldcastle's use also constitutes the application of a copy or

colorable imitation of the Mark to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution and advertisement within the Building Material Business, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(b).

26. Despite assurances to the contrary, Northfield and Oldcastle have not discontinued their infringing use of the Mark.

27. The foregoing acts of Northfield and Oldcastle are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Northfield and Oldcastle's products originate from, or are affiliated with, sponsored by, or endorsed by Southfield.

28. Northfield and Oldcastle have acted with knowledge of Southfield's exclusive right to use the Mark for the purpose of operating its Building Material Business and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

29. Northfield and Oldcastle's acts constitute trademark infringement of the Mark in violation of section 32 of the Lanham Act (15 U.S.C. § 1114).

30. As a direct and proximate result of Northfield and Oldcastle's acts unauthorized use of the Mark, Northfield and Oldcastle have damaged and will continue to damage Southfield's reputation and goodwill, and have caused and are likely to continue causing Southfield a loss of sales and profits, as well as loss of exclusive use of the Mark, causing public confusion.

31. Northfield and Oldcastle's acts have caused and will continue to cause irreparable harm to Southfield and to members of the public, who are confused by Northfield and

Oldcastle's unauthorized use of the Mark, unless restrained and enjoined by this Court. Southfield has no adequate remedy at law to prevent Northfield and Oldcastle from continuing its infringing actions and from further injuring Southfield.

32. Southfield is entitled to receive compensation arising from the lost sales, lost profits, and efforts necessary to minimize and/or prevent customer confusion due to Northfield and Oldcastle's infringement, in an amount to be proven at the time of trial. In addition, Southfield is entitled to disgorgement of Northfield and Oldcastle's profits, plus interest and the attorney's fees and costs incurred bringing this action, all in an amount to be proven at trial. Southfield is also entitled to injunctive relief prohibiting further violations, and to all other and further forms of relief this Court deems appropriate.

33. The damages sustained by Southfield as a result of the conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b) attributable to Northfield and Oldcastle's willful infringement.

**SECOND CAUSE OF ACTION**

**(Common Law Trademark Infringement)**

34. Southfield repeats and realleges each and every allegation set forth in Paragraphs 1 through 33, inclusive, as if set forth in full, and incorporates them herein by this reference.

35. The foregoing acts of Northfield and Oldcastle are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Northfield and Oldcastle's infringing products and/or services originate from, or are affiliated with, sponsored by, or endorsed by Southfield.

36. Upon information and belief, Northfield and Oldcastle have acted with knowledge of Southfield's exclusive right to use the Mark for the purpose of operating its Building Material

Business and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

37. Northfield and Oldcastle's acts constitute trademark infringement in violation of the common law of the State of Illinois.

38. Upon information and belief, Northfield and Oldcastle have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

39. Upon information and belief, Northfield and Oldcastle intend to continue their infringing acts, unless restrained by this Court.

40. Northfield and Oldcastle's acts have damaged and will continue to damage Southfield, and Southfield has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### (Unfair Competition [Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 505)])

41. Southfield repeats and realleges each and every allegation set forth in Paragraphs 1 through 40 inclusive, as if set forth in full, and incorporates them herein by this reference.

42. The Mark is strong and distinctive and has been in use for many years and has achieved enormous and widespread public recognition.

43. Southfield will lose its good reputation and goodwill because Northfield and Oldcastle's infringing products and/or services are likely to cause confusion, mistake, and deception, thus harming the Mark, and its goodwill and reputation relative to the Southfield's Building Material Business.

44. The foregoing acts of Northfield and Oldcastle constitute fraud and deceptive business practice in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505).

45. Upon information and belief, Northfield and Oldcastle intend to continue their infringing acts, unless restrained by this Court.

46. As a direct and proximate result of Northfield and Oldcastle's unlawful conduct, Southfield has been damaged and will continue to be damaged, and is thus entitled to relief in an amount to be determined according to proof at trial.

## FOURTH CAUSE OF ACTION

### (Common Law Unfair Competition)

47. Southfield repeats and realleges each and every allegation set forth in Paragraphs 1 through 46, inclusive, as if set forth in full, and incorporates them herein by this reference.

48. The foregoing acts of Northfield and Oldcastle permit them to use and benefit from the reputation and goodwill earned by Southfield and to obtain a ready customer acceptance of Northfield and Oldcastle products, and constitute unfair competition, passing off, and misappropriation in violation of Illinois common law, for which Southfield is entitled to recover any and all remedies provided by such common law.

49. With full knowledge of Southfield's exclusive license to use the Mark for its Building Material Business, Northfield and Oldcastle have manufactured, caused to be manufactured, sold, distributed, and/or otherwise sold or offered for sale in interstate commerce, products bearing the Mark that directly compete with the products of Southfield and/or its sub-licensees.

50. The acts of Northfield and Oldcastle constitute unfair competition and infringement of Southfield's common law rights in the Mark.

51. As a result of Southfield's considerable investment of time and money, the Mark has developed secondary and distinctive meaning to consumers. The Mark has come to indicate

to consumers products and a meaning of quality originating with Southfield and VCNA Prairie, Inc.

52. As a result of such conduct, Northfield and Oldcastle has caused, and unless enjoined by this Court, will continue to cause consumer confusion as to the source, origin, sponsorship, and/or affiliation of Southfield and their relationship to Southfield's products.

53. Upon information and belief, Northfield and Oldcastle intend to continue their infringing acts, unless restrained by this Court.

54. As a direct and proximate result of Northfield and Oldcastle's unlawful conduct, Southfield has been damaged and will continue to be damaged, and is thus entitled to relief in an amount to be determined according to proof at the time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Southfield Corporation f/k/a Prairie Material Sales, Inc. prays for judgment against Northfield Block Company and Oldcastle APG South, Inc. d/b/a Oldcastle Architectural:

A. Finding that:

i. Northfield and Oldcastle have violated Section 32 of the Lanham Act (15 U.S.C.§1114);

ii. Northfield and Oldcastle have engaged in trademark infringement and unfair competition under the common law of Illinois.

iii. Northfield and Oldcastle have engaged in fraudulent and deceptive practices in violation of the Illinois Consumer Fraud and Deceptive Practices Act (815 ILCS 505) and have injured Southfield's business reputation;

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, and 15 U.S.C. §1116, preliminarily and permanently restraining and enjoining Northfield and Oldcastle, their officers, agents, employees, affiliates, and attorneys, and all those persons or entities in active concert or participation with them from:

i. designing, creating, advertising, marketing, promoting, offering for sale, or selling any products which bear the Mark, or any other name, mark or design element substantially similar or confusing thereto, including, without limitation, Northfield and Oldcastle's infringing goods and/or services, and engaging in any other activity constituting an infringement of any of Southfield or VCNA Prairie Inc.'s rights in the Mark;

ii. engaging in any other activity constituting unfair competition with Southfield or VCNA Prairie Inc., or acts and practices that may deceive consumers, the public, and/or the trade, including without limitation, the use of the Mark.

C. Demanding Northfield and Oldcastle and their agents return all materials bearing Plaintiff's Trademarks, currently in its/their possession or, alternatively, ordering Northfield and Oldcastle to deliver up and destroy all labels, signs, prints, packages, containers, wrappers, receptacles and advertisements bearing the Mark or any confusingly similar mark.

D. Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been designed, created, marketed, advertised, promoted, offered for sale, or sold by Northfield and Oldcastle, has been authorized by Southfield or VCNA

Prairie Inc., or is related in any way with Southfield or VCNA Prairie Inc. and/or Southfield or VCNA Prairie Inc.'s goods and/or services;

E. Awarding Southfield statutory damages in accordance with Section 35 of the Lanham Act (15 U.S.C.§1117) or alternatively, awarding Southfield its actual damages, and also directing that such actual damages by trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C.§1117);

F. Awarding Southfield actual or statutory damages against Northfield and Oldcastle pursuant to 17 U.S.C. §504, at the election of Southfield, in an amount to be ascertained at trial;

G. Awarding Southfield actual and punitive damages to which it is entitled under all applicable federal and state laws;

H. Awarding Southfield costs, attorney's fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. .§1117);

I. Awarding Southfield pre-judgment interest on any monetary award made part of the judgment against Defendant; and

J. Awarding Southfield such additional and further relief as the Court deems just and proper.

DATED: August 27, 2014

Respectfully submitted,

By: /s/ Robert A. Carson

Robert A. Carson (Bar No. 3126935)
rcarson@gouldratner.com
Mark E. Abraham (Bar No. 6269303)
mabraham@gouldratner.com
Jordan M. Hanson (Bar No. 6306106)
jhanson@gouldratner.com
GOULD & RATNER LLP
222 North LaSalle Street, Suite 800
Chicago, Illinois 60601
Telephone: (312) 899-1633
Facsimile: (312) 236-3241

Attorney for Plaintiff Southfield Corporation
f/k/a Prairie Material Sales, Inc.

4829-6372-3804, v. 9